**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0346-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMES L. MILLER,

     Defendant-Appellant.

_____

> Submitted February 12, 2020 – Decided January 22, 2021
>
> Before Judges Fuentes and Haas.
>
> On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-05-1564.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).
>
> Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Maura Murphy Sullivan, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant James L. Miller appeals from the order of the Criminal Part denying his post-conviction relief (PCR) petition. We affirm.

A Camden County Grand Jury returned a multi-count indictment against defendant charging him with third degree aggravated assault, multiple counts of unlawful possession of a weapon, third degree terroristic threats, and first degree murder of Josue Rivera. On October 28, 2013, defendant entered into a negotiated agreement with the State through which he pled guilty to first degree aggravated manslaughter, by recklessly causing the death of Mr. Rivera, N.J.S.A. 2C:11-4(a)(1). In exchange, the State agreed to dismiss the remaining charges in the indictment and recommend the court sentence defendant to a term of imprisonment of twenty years, with an eighty-five percent period of parole ineligibility and five years of parole supervision, as mandated by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2

The record of the plea hearing shows defendant provided a factual basis of his crime in response to the following questions from defense counsel:

> Q. Mr. Miller, I'm going to direct your attention to the hours or the early evening hours of March 28th, into the early morning hours of March 29th, 2012.

Were you present [an address on] Tyler Avenue in the City of Camden, County of Camden, the State of New Jersey?

A. Yes.

Q. Did you have an altercation with your stepfather, [Josue] Rivera at that time?

A Yes.

Q And at that time, during that altercation, did you strike him with a hatchet, eventually causing his death?

A Yes.

At the sentencing hearing held on December 6, 2013, Judge Gwendolyn Blue, the same judge who presided at the plea hearing, sentenced defendant in accordance with the plea agreement to a twenty-year term of imprisonment subject to NERA. Defendant filed a timely direct appeal to this court challenging the sentence imposed by Judge Blue through the summary process codified in <u>Rule</u> 2:9-11. When the appeal came before this court for oral argument, appellate counsel claimed Judge Blue did not consider that defendant was under the influence of PCP (phencyclidine) at the time he committed the crime. Counsel argued that the Judge Blue erred by not considering defendant's

state of intoxication as a basis to find mitigating factor four, N.J.S.A. 2C:44-1(b)(4).[1]

The prosecutor argued that the record of the sentencing hearing showed that Judge Blue considered the intoxication issue at the sentencing hearing and expressly rejected its application under the facts of this case.

> JUDGE BLUE: There's argument by counsel that the system failed this young man, and I certainly get that argument, and sometimes things do not work the way it should work in our country, but I can't find that a system failed you when you decide to intoxicate yourself, and you decide to hurt others. That's a conscious decision to take a drug or to hurt someone, so I can't find the system failed a person when they decide to conduct violent acts, so I do not find that.

In an order dated June 1, 2015, this court summarily affirmed the sentence imposed by Judge Blue.

On July 14, 2017, defendant filed a pro se PCR petition alleging ineffective assistance of counsel. Judge Blue assigned counsel to represent defendant in the prosecution of the PCR petition. PCR counsel filed a brief in support of the petition. The matter came for oral argument before Judge Blue

---

[1] Under N.J.S.A. 2C:44-1(b), a sentencing judge may consider whether "[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense[.]"

A-0346-18T4

on August 15, 2018.  Defendant was present.  Both attorneys advised the judge that they were relying on their briefs.

Judge Blue reviewed on the record the history of the case and applied the relevant standard of review with respect to allegations of ineffective assistance of counsel.  She reviewed each of defendant's arguments and found he had not established a prima facie case of ineffective assistance of counsel and was thus not entitled to an evidentiary hearing.

Judge Blue held that defendant's claims of ineffective assistance of counsel based on defense counsel's alleged failure to raise mitigating four factor at the sentencing hearing was procedurally barred under Rule 3:22-5 because it was raised and rejected on direct appeal.  She also concluded that defendant's remaining arguments were barred by Rule 3:22-4(a)(1), which states, in relevant part, that:

> Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:
>
> (1)  that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or

(2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or

(3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

Finally, Judge Blue found defendant's belated claims that he killed his stepfather (Mr. Rivera) because the latter "had a history of violence towards [him], which had been going [on] for years" were self-serving and uncorroborated by any competent evidence. Judge Blue ultimately concluded that

> [a]ll that the defendant offers in this matter are blanket statements of abuse, without any real concrete support [or] concrete evidence to support his claims. Further, I emphasize that the evidence demonstrates that at the time of this incident the victim was in his bed. I note that the defendant had entered victim's bedroom on more than one occasion to fight with the victim.

Against this record, defendant raises the following arguments:

POINT ONE

THIS MATTER MUST BE REMANDED FOR A NEW HEARING IN FRONT OF AN IMPARTIAL PCR JUDGE.

POINT TWO

IN THE ALTERNATIVE [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON

HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ARGUE ADEQUATELY AT SENTENCING.

POINT THREE

THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT'S] PETITION WAS PROCEDURALLY BARRED AS TO THE PART OF HIS CLAIM CONCERNING COUNSEL'S FAILURE TO ARGUE FOR MITIGATING FACTORS THREE AND FOUR.

We review a claim of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). First, defendant must demonstrate that defense counsel's performance was deficient. Strickland, 466 U.S. at 687. Second, he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. We discern no legal basis to disturb the PCR judge's findings and ultimate legal conclusions. Judge Blue's decision to deny defendant's request for an evidentiary hearing is supported by the record and constituted a proper exercise of her discretionary authority under Rule 3:22-10. State v. Jones, 219 N.J. 298, 311 (2014). Defendant's argument attacking Judge

Blue's impartiality is factually baseless and lacks sufficient legal merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0346-18T4